# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ALL AMERICA INSURANCE COMPANY and CENTRAL MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CAUSE NO.: 2:10-CV-318-TLS |
| STEADFAST INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Rule 12(b)(6) Motion to Dismiss [ECF No. 15], filed by Defendant Steadfast Insurance Company (Steadfast) on October 22, 2010. This Motion is fully briefed and ripe for ruling. For the reasons stated in this Opinion and Order, the Court will deny the Defendant's Motion.

## PROCEDURAL BACKGROUND

On August 6, 2010, the Plaintiffs, All America Insurance Company (All America) and Central Mutual Insurance Company (Central Mutual), filed a Complaint for Declaratory Judgment [ECF No. 1] against Defendant Steadfast. The Plaintiffs seek a declaration that a policy issued by Defendant Steadfast to Chicago Freight Car and Leasing Company (CFCL) applies to CFCL's defense in another lawsuit pending in an Illinois state court (*Maria Reyes, as Administrator of the Estate of Jose Reyes v. Blackhawk Management Company and Chicago Freight Car Leasing Co.*, Cause No. 2008 L 9896, in the Cook County, Illinois, Circuit Court, Law Division). The Complaint states that Plaintiff Central Mutual is defending CFCL in the state court action. The Plaintiffs attached the following documents to their Complaint: Exhibit A, the

Complaint at Law [ECF No. 1-1] filed in the state court action; Exhibit B, March 22, 2010, correspondence [ECF No. 1-2] from Plaintiffs' counsel to Defendant Steadfast; Exhibit C, the Contingent Liability Insurance Policy–Railroad Equipment [ECF No. 1-3]; the Businessowners Policy (policy number BOP 7932386) issued by Plaintiff All America to CFCL [ECF No. 1-4]; and the Commercial Liability Umbrella Policy (policy number CXS 7993568) issued by Plaintiff Central Mutual to CFCL [ECF No. 1-5].

On October 22, 2010, Defendant Steadfast filed its Rule 12(b)(6) Motion to Dismiss [ECF No. 15] and a Memorandum of Law in Support [ECF No. 15-1]. On November 19, Plaintiffs All America and Central Mutual filed their Response [ECF No. 23], and on December 3, Defendant Steadfast filed its Reply [ECF No. 25].

## FACTUAL ALLEGATIONS REGARDING THE WELDING ACCIDENT

According to the Complaint, Jose Reyes was performing welding operations on September 7, 2006, on railcar number CRDX 7687 that was owned by CFCL when he suffered serious and permanent injuries that resulted in his death on September 9, 2006. In the wrongful death action pending in Illinois state court, the estate of Jose Reyes alleges that CFCL managed and controlled certain property and buildings in the City of East Chicago, Indiana, that included a mechanical building where the welding operations were performed and that CFCL breached its duty to exercise reasonable care for the safety of those working in the mechanical building and caused the injuries Mr. Reyes suffered. The estate claims more specifically that CFCL failed to safely exercise control over the premises, to ensure that safe procedures were followed during the course of welding operations in the mechanical building, to require use of mechanical

ventilation during welding procedures performed inside railroad hopper cars, and to ensure that welders were properly trained regarding the inspection, repair, and/or maintenance of welding hoses and were properly warned of hazards regarding the lack of proper inspection, repair, and/or maintenance of welding hoses, and that CFCL permitted the use of welding hoses that were not properly inspected, properly maintained, and/or properly repaired prior to the welding operations.

**FACTUAL ALLEGATIONS REGARDING THE STEADFAST INSURANCE POLICY**

Defendant Steadfast issued CFCL, which is not a party to this action, a Contingent Liability Insurance Policy–Railroad Equipment (policy number SCO 9009069-02) for the period of December 31, 2005, to December 31, 2006. The policy provides as follows regarding the occurrence-based coverage of the insurance agreement:

> [Steadfast] will pay on behalf of the Insured for Ultimate Net Loss in excess of the Self-Insured Retention specified in Item 4. Of the Declarations, for which the Insured must legally pay because of Covered Injury to which this insurance applies which results from an Occurrence arising solely out of Insured Railroad Equipment which is on file with [Steadfast]. The Occurrence that results in Ultimate Net Loss must first take place during the Policy Period. This insurance applies only to liability imposed on the Insured by law or assumed under an Insured Contract.

(ECF No. 1-3 at 3.) The policy defines "Insured Railroad Equipment" as "Railroad Equipment owned or managed by the Insured for the primary purpose of being leased to others and which is on file with [Steadfast]. Only Railroad Equipment which is on file with [Steadfast] is insured by this policy." (ECF No. 1-3 at 13.) It defines "Railroad Equipment" as "railroad engines, railroad cars or other equipment; or Automobiles or Mobile Equipment which are built or modified to be operated on railroad track and is so used." (ECF No. 1-3 at 14.) "Occurrence" means "an event

3

which commences at a specific time and at a specific location, which results in Covered Injury. All Claims or Covered Injury arising from such event shall be deemed to result from one Occurrence." (ECF No. 1-3 at 14.) "Ultimate Net Loss" is "the total sum which an Insured becomes legally obligated to pay by reason of Covered Injury either through adjudication or compromise, as compensatory damages and Defense Expenses. Compensatory damages does not include treble damages or any other damages resulting form the multiplication of compensatory damages, or any punitive damages, exemplary damages, fines or penalties." (ECF No. 1-3 at 15.) "Covered Injury" includes "Bodily Injury." (ECF No. 1-3 at 12.) Under the policy, the Self Insured Retention, which is "the amount of Ultimate Net Loss inclusive of Defense Expenses which is to be borne solely by the Insured with respect to each and every Accident to which this policy applies," is $50,000. (ECF No. 1-3 at 24.) The Insured is responsible for the investigation, settlement, defense, and final disposition of any claims, subject to Steadfast's approval of any settlement, Steadfast's right to associate with the Insured in the control, defense, or trial of claims, and Steadfast's right to assume charge of the investigation, settlement, or defense of a claim. (ECF No. 1-3 at 21–22.) Under the policy, the Defense Expenses incurred by the Insured reduce the Insured's Self Insured Retention.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn

from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

Although a court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor, it need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

**DISCUSSION**

Defendant Steadfast contends that dismissal of the Plaintiffs' Complaint is warranted on two grounds. First, the Defendant argues that its policy insures against liability for an occurrence arising solely out of specified equipment owned by the insured (CFCL in this case) that is listed on the policy and that the complaint in the underlying state court case only generically mentions railroad cars as the location of the accident and does not identify any car as the cause of the accident. Thus, Defendant Steadfast argues that the Illinois state court lawsuit does not come with the language of the Steadfast policy because that complaint does not allege that CFCL's liability arises out of insured railroad equipment, that the railcar belonged to CFCL, or that a particular railcar led to Mr. Reyes's death or somehow gave rise to the injuries. The Defendant also asserts that its policy insures liability only for an occurrence "arising solely out of Insured Railroad Equipment," that the injuries in the state court action did not arise solely out of CFCL's use of the car, and that coverage under its policy does not extend to claims of negligent supervision or training and failure to control welding operations. Accordingly, Defendant Steadfast contends that the state court lawsuit does not come within the coverage terms of the insurance policy and that the Plaintiffs have not alleged a claim upon which relief can be granted. Second, Defendant Steadfast contends that, under Endorsement 4 of its policy, it does not have a duty to defend CFCL.

The Plaintiffs respond that their Complaint filed in this case identifies the specific railcar from which the accident arose, that Defendant Steadfast in its Motion to Dismiss is asking this Court to determine the merits of the Plaintiffs' claim and render judgment before the appropriate time in this litigation, and that the Court will not be able to determine the rights and duties in this

case without Steadfast first answering the Complaint and then the Court examining the entirety of Steadfast's policy, which the Plaintiffs claim the Defendant has not provided to them. The Plaintiffs also argue that the state court lawsuit arises from a risk insured by Defendant Steadfast and that the failure of the complaint filed in the Illinois state court to identify the specific railcar is irrelevant to the coverage issue under Defendant Steadfast's policy. Additionally, the Plaintiffs respond that their Complaint does not assert that the Defendant owes a duty to defend in the Illinois state court lawsuit and that the claim presented in their Complaint is that the Defendant insures CFCL against a risk alleged in that other lawsuit.

The Court is not persuaded by the Defendant's argument that the Plaintiffs' Complaint fails to state a claim for relief. In Indiana, declaratory judgment actions to determine insurance coverage are not uncommon, and they are often a preferred method for insureds and insurers to litigate contractual rights under insurance policies. *See Dometic Corp. v. Liberty Mut. Ins. Co.*, No. 1:06-CV-1260, 2008 WL 4443234, at *3 (S.D. Ind. Sept. 26, 2008). Pursuant to 28 U.S.C. § 2201, the Plaintiffs in this case are seeking a declaration of rights and duties under Defendant Steadfast's Contingent Liability Insurance Policy–Railroad Equipment. Their claim is that Defendant Steadfast's policy covers its insured (CFCL) for the loss that the Illinois state court lawsuit seeks to remedy. The Plaintiffs' Complaint in this case identifies the applicable insurance policy, the coverage period, the number of the railcar involved in the accident, the alleged occurrence and covered injury, and the relevant terms of Defendant Steadfast's policy, and the Complaint gives the Defendant adequate notice of the Plaintiffs' claim. The Plaintiffs' Complaint alleges no facts that preclude relief. Contrary to the Defendant's argument, the

Complaint does not allege that Defendant Steadfast owes a duty to defend.[1] Rather, it seeks a judicial declaration of rights and duties under an insurance policy determining whether the Steadfast policy covers a loss against which the Plaintiffs' (on behalf of CFCL) are defending in the Illinois state court lawsuit. Based upon the current record in this case, the Court is unable to determine the rights and duties under Defendant Steadfast's policy. Thus, the question whether coverage under the Steadfast policy extends to the claims pending in the Illinois state court lawsuit must be saved for another day when the record in this case is better developed and when the Court has before it the full insurance policy and other evidence bearing on the disputed coverage issue.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Rule 12(b)(6) Motion to Dismiss [ECF No. 15]. The Court ORDERS the Defendant to file an answer to the Complaint on or before June 10, 2011.

SO ORDERED on May 20, 2011.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT
                                             FORT WAYNE DIVISION

---

[1] The Plaintiffs' Complaint never uses the terminology "duty to defend." Rather, it references CFCL's "defense" in the Reyes lawsuit and the "defense" of CFCL in the Reyes lawsuit. (ECF No. 1 at 8, 9.) Read fairly and as a whole, the Complaint is clear as to the claim the Plaintiffs are making.